**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Sierra Bell., <br><br>            Plaintiff(s), <br><br> vs. <br><br> Frank J. Bisignano, <br><br>            Defendant(s). | **2:25-cv-00950-MDC** <br><br> **ORDER DENYING IFP APPLICATION (ECF No. 1)** |

Before the Court are plaintiff Sierra B.'s *Motion/Application To Proceed In Forma Pauperis* ("IFP application") (ECF No. 1. This is a social security appeal and plaintiff is represented by Marc V. Kalagian, Esq. and Leonard Stone, Esq. For the reasons stated below, the Court denies plaintiff's IFP application without prejudice.

**DISCUSSION**

**I.  IFP APPLICATION**

  **A.  Legal Standard**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have

the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

**B. Analysis**

Plaintiff has not demonstrated that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff states she makes no income, is not employed, has no money in her checking and/or savings account, and has no assets to her name. *ECF No. 1*. Plaintiff appears to report she has no monthly expenses. *Id.* However, the Court notes that there is some ambiguity as to whether plaintiff reports $0 or $292 for "food" expenses. *See ECF No. 1 at 4*. Plaintiff also appears to claim monthly payments for "medication" but does not include how much she pays for it, if at all. This is further made uncertain as the total monthly expenses has a typed what appears to be either "2920.00," "292," or "0." Because it is unclear whether plaintiff has monthly food expenses, the Court finds it cannot make an accurate determination of plaintiff's IFP status at this time. If plaintiff has no monthly expenses, including food and medication, then plaintiff must make it clear. If plaintiff does have some monthly expenses, the Court finds that such statement is inconsistent with plaintiff's other answers. It is unclear to the Court how plaintiff affords such payments when she reports no income and no money in her checking and/or savings account.

The Court will give plaintiff another opportunity to file her long-form IFP application. If plaintiff chooses to do so, she must fully answer each question and make clear what payments, if at all, she

makes per month. If plaintiff reports expenses, she must also explain how she pays such expenses without income or money in her checking and/or savings account. Plaintiff should also explain the ambiguity in the "292" and "0" reported in her food expenses. If plaintiff's new IFP application has any changes or differences from her initial application (i.e., plaintiff now reports employment or other expenses) plaintiff must explain those differences.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's *Motion/Application To Proceed In Forma Pauperis* (ECF No. 1) is DENIED without prejudice.

2. Plaintiff shall file a new long-form IFP application that addresses the Court's concerns by no later than **July 21, 2025.**

3. Failure to timely comply with this Order may result in dismissal.

DATED this 20th day of June 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge