**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Sierra B.,<br><br>                    Plaintiff,<br><br>vs.<br><br>Frank Bisignano, Commissioner of Social Security,<br><br>                    Defendant. | Case No. 2:25-cv-00950-MDC<br><br><br>**ORDER DENYING PLAINTIFF'S REQUESTED RELIEF (ECF NO. 12) AND AFFIRMING THE ADMINSTRATIVE LAW JUDGE** |

This matter involves plaintiff Sierra B.'s ("Plaintiff") request to reverse and either order payment of benefits or a remand the Administrative Law Judge's ("ALJ") final decision denying her social security benefits. Plaintiff filed her brief (ECF No. 12) and defendant Commissioner of Social Security ("Commissioner") filed an opposition brief (ECF No. 13). The Court **DENIES** Plaintiff's requested relief and **AFFIRMS** the ALJ's final decision for the reasons below.

I.      **BACKGROUND**

This case arises under the Social Security Act, Title XVI. Plaintiff was born in October 1993 and on July 27, 2021, filed an application for supplemental security income alleging disability. *Administrative Record ("AR") at 18, 230-238, 254*. The Commissioner denied Plaintiff's claim by initial determination on June 8, 2022. *AR 132-136*. Plaintiff sought reconsideration of that determination on August 1, 2022 (*AR 137*) which the Commissioner denied on December 22, 2022. *AR 138-140*. Plaintiff requested a *de novo* hearing before an Administrative Law Judge on February 9, 2023. *AR 141*.  The appointed ALJ conducted a hearing on January 30, 2024 (*AR 40-88*) and issued an unfavorable decision on April 22, 2024, concluding that Plaintiff did not suffer a disability since her July 27, 2021, application (*AR 15-39*).

1

Plaintiff requested review of the ALJ decision by the Appeals Council on June 14, 2024 (*AR 225-227*). On April 1, 2025, the council denied Plaintiff's request (*AR 1-7*), representing the Commissioner's final decision. *See* 42 U.S.C. § 405(h). Per 42 U.S.C. § 1383(c), Plaintiff seeks judicial review of the Commissioner's final decision on the singular ground that the ALJ failed to fully and fairly develop the record regarding her psychogenic seizure disorder also known as "pseudo seizures."

## II.    DISCUSSION

### A.    Standard of Review

The Court has jurisdiction to review the final decision of the Commissioner for substantial evidence and error of law. 42 U.S.C. § 1383(c). The Fifth Amendment prohibits the government from depriving persons of property without the due process of law. *U.S. Const. amend. V*. Social Security plaintiffs have a constitutionally protected property interest in Social Security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g).

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (*quoting* 42 U.S.C. § 405(g)). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (defining what a mere scintilla of evidence is).

The substantial evidence threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close." *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (citation omitted); *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (substantial evidence "is a

highly deferential standard of review"). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**B.      The Social Security Five-Step Disability Inquiry**

Under the Social Security Act, "disability" is the inability to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant to Social Security benefits is disabled if his physical or mental impairment(s) are so severe that he could not do his previous work or any other substantially gainful work existing in the national economy when considering his age, education, and work experience. *See* 42 U.S.C. § 1382c(a)(3)(B). The Social Security Commissioner has a five-step process to determine if a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). The claimant has the burden of proof for steps one through four and if the claimant can satisfy the burden for each step, the burden shifts to the Commissioner for step five. *Ford v. Saul*, 950 F.3d 1141, 1148-1149 (9th Cir. 2020). The steps are followed in order and if the claimant is found not disabled at any step, the inquiry ends.

In the first step, the claimant must establish that he does not engage in "substantial gainful activity." *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the Commissioner considers whether the claimant has an impairment or combination of impairments that are "severe" and significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) & (c), 416.920(a)(4)(ii) & (c). In the third step, the Commissioner determines whether the claimant's impairments meet or are the equivalent of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 which are presumably sufficient to preclude gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii) & (d), 404.1525(a), 416.920(a)(4)(iii) & (d), and 416.925(a). If the claimant's

impairment meets or equals one of the listed impairments, and is of sufficient duration, he is conclusively presumed disabled. §§ 404.1520(a)(4)(iii) & (d), 416.920(a)(4)(iii) & (d). If the claimant's impairment is severe but does not meet or equal one of the listed impairments, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), (e), (f), 416.920(a)(4)(iv), (e), (f). Past relevant work is work that the claimant performed in the last 15 years that lasted long enough for him to learn to do it and was substantial gainful activity. 20 C.F.R. §§ 404.1565(a), 416.920(a). In making this determination, the Commissioner assesses the claimant's residual functional capacity ("RFC") and the physical and mental demands of the work previously performed. *See* §§ 404.1565(a), 416.920(a); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). RFC is what the claimant can still do despite his limitations. *Id.* (citing 20 C.F.R. §§ 404.1545(a)(1)). In determining the RFC, the Commissioner must assess all evidence, including the claimant's and others' descriptions of the limitations and medical reports, to determine what capacity he has for work. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

The claimant can return to previous work if he can perform the "actual functional demands and job duties of a particular past relevant job," or "[t]he functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation marks and citation omitted). If the claimant can still do past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see also Berry*, 622 F.3d at 1231.

If the claimant cannot perform past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work available in the national economy. 20 C.F.R. §§ 404.1520(e), 416.920(e). This means "work which exists in significant numbers either in the

4

region where such individual lives or in several regions of the country." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 528 (9th Cir. 2014). The Commissioner must also consider the claimant's RFC, age, education, and past work experience to determine whether he can do other work. *Yuckert*, 482 U.S. at 141-42. The Commissioner may meet this burden either through the testimony of a Vocational Expert or by reference to Medical–Vocational Guidelines grids. *Tackett v. Apfel*, 180 F.3d 1094, 1100-1101 (9th Cir. 1999).

If the Commissioner establishes at step five that the claimant can do other work which exists in the national economy, then he is found to be not disabled. 20 C.F.R. §§ 404.1566(b), 416.966(b). Conversely, if the Commissioner determines the claimant unable to adjust to any other work, then he is found disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

**C.      The ALJ Fully and Fairly Developed the Record**

The Court is not persuaded by Plaintiff's claim of error that the ALJ failed to fully and fairly develop the record. Specifically, Plaintiff argues that the ALJ failed to evaluate Plaintiff's pseudo seizures mental impairments under listing 12.07 and that the record lacks medical opinions supporting the ALJ's RFC assessment of Plaintiff's mental capacity to work.

**i.      The ALJ Properly Evaluated Plaintiff's Pseudo Seizures Impairments**

The ALJ found that Plaintiff has severe mental impairments, including psychogenic seizure disorder also known as pseudo seizure disorder. *ECF No. 10-1* at p. 25 (*AR 40*). Pursuant to step three, the ALJ must consider whether Plaintiff's impairments meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Here, the ALJ determined that Plaintiff's impairments did not meet or equal the criteria of listings 12.04 and 12.06, or 12.15 (*AR 24-25*) but did not expressly consider them under listing 12.07. Other courts have found that "Listing 12.07 is the proper listing to assess… psychogenic seizures." *Jimenez v. Comm'r of Soc. Sec. Admin.*, 413 F. Supp. 3d 993, 999 (D. Ariz. 2019). Listings under Listing 12.07 concern somatic symptom and related disorders, specifically

including…. "pseudoseizures, and pseudoneurological symptoms, such as blindness or deafness." 20 C.F.R. Pt. 404, Subpt. P, App. 1 §12.07.

Thus, the ALJ's failure to explicitly discuss whether Plaintiff's pseudo seizures met or equaled Listing 12.07 was erroneous. However, such error was harmless and based on a fully and fairly developed record and thus, not sufficient for remand. The impairments listed in section 12.00 of 20 C.F.R. Part 404, Subpart P, Appendix 1 are various mental disorders that are subject to identical analysis. Thus, "the requirements to meet Listing 12.07 are identical to the requirements of Listings … 12.04, and 12.06." *Jimenez*, 413 F. Supp. 3d at 999 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1 §12.00). Here, the ALJ's conclusions that Plaintiff's impairment did not meet or equal the criteria of listings 12.04, 12.06, or 12.15 was supported by findings that Plaintiff had only a mild limitation in understanding, remembering, or applying information and adapting or managing herself and a moderate limitation interacting with others and concentrating, persisting, or maintaining pace (*AR 24-25*). Plaintiff does not allege that the ALJ's determination of impairments under listings 12.04, 12.06, or 12.15 (*AR 24-25*) was erroneous or insufficiently developed. Accordingly, because the inquiry under the listings actually considered by the ALJ is "identical" to the inquiry under listing 12.07, the ALJ would have reached an identical conclusion had he expressly also considered listing 12.07.

   **ii.  The ALJ Fully and Fairly Developed The Record Supporting Plaintiff's RFC Assessment**

The ALJ found that Plaintiff has the RFC to:

> perform light work as defined in 20 CFR 416.967(b) except she can lift and carry, push and pull 20 pounds occasionally and 10 pounds frequently; can stand and walk for 6 hours of an 8 hour work day with standard breaks; can sit for 6 hours of an 8 hour work day with standard breaks; can occasionally stoop, climb ramps and stairs, kneel, crawl, and crouch; and can never climb ladders, ropes, and scaffolds. She can never balance, as that term is used in the Department of Labor's Selected Characteristics of Occupations. She must never have concentrated exposure to extreme heat, extreme cold, humidity, and pulmonary irritants, must never operate a motor vehicle or heavy machinery, and must have no

> exposure to open water, open heat sources, unprotected heights, and dangerous, unprotected machinery. She requires a position that does not require binocular vision or peripheral vision on the left side. She can understand, remember, and carry out simple tasks, but not at an assembly line rate; can make simple work-related decisions; can have occasional work-related interactions with co-workers, supervisors, and the general public; and can have occasional changes in the work setting.

*AR 25-26.*

"The ALJ has a duty to develop the record … ." *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).  However, "the ALJ is not required to discuss every piece of evidence in the record when reaching his conclusions [and so long] as the… conclusion[s] [are] supported by substantial evidence,… [they] must be upheld." *M.A.G. by the Through Basso v. Kijakzi*, No. 2:23-cv-01595-EJY, 2024 WL 1695114, at *5 (D. Nev. April 18, 2024) (citation omitted). Thus, the ALJs are not required to "draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The ALJ here fairly and fully developed the record to support his RFC assessment of Plaintiff's mental capacity to work, including identifying and discussing the variety of evidence he considered.

The ALJ considered Plaintiff's testimony. *See AR 26.* The ALJ considered the testimony of Plaintiff's mother. *Id.* The ALJ considered Plaintiff's extensive medical records. *See AR 27-32*. Among other things, the ALJ found numerous neurological records showing that Plaintiff had "normal sensation, normal gait, equal muscle tone, intact reflexes, intact cranial nerves, and normal/intact coordination including tandem walk." *AR 27*. The ALJ considered other neurological records finding Plaintiff "with no focal neurological deficit, normal sensory and motor systems, and normal coordination." *AR 28*. The ALJ also identified numerous medical records supporting his findings that Plaintiff's mental capacity to work was only mildly limiting and managed with routine care. *e.g.*:

> The claimant's mental impairments are documented in the record and have been typically managed with routine medications from general medical providers. She has been documented with some mental status abnormalities at times, such as appearing anxious and/or with flat affect, but she has more typically been noted with an active and alert mental status, good judgment,

cooperative behavior, normal speech, appropriate mood and affect, normal judgment, normal comprehension, intact memory, and normal attention (e.g. 3F/52; 4F; 5F; 8F/3; 9F/5; 11F/4-5; 18F/16; 19F/3; 20F/2; 22F/12; 23F/1; 24F; 26F/2; 27F/4-5; 28F/3).

*AR 28*.

Plaintiff does not question the sufficiency of the ALJ findings or the record supporting them documented in the ALJ's written determination (*AR 27-32*). The Court also finds that the ALJ sufficiently articulated his reliance on the medical records in reaching his RFC determination. *See M.A.G. by the Through Basso*, 2024 WL 1695114, at *5.

Instead, Plaintiff questions whether the ALJ could determine Plaintiff's mental RFC without the aid and opinion of a medical professional, which Plaintiff argues is required per *Briana S. v. Comm'r of Soc. Sec.,* No. 2:24-cv-01046-GJL, 2025 U.S. Dist. LEXIS 26404, at *3 (W.D. Wash. February 12, 2025). The Commissioner argues that that the ALJ is not required to rely on medical opinion to formulate the RFC. Plaintiff did not offer any Ninth Circuit authority that has adopted *Briana S.* or its holding. The Ninth Circuit presumes that "ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022).

That said, the Commissioner also argues that the ALJ did consider opinions of medical professionals, in addition to the Plaintiff's extensive medical records, in arriving at Plaintiff's mental RFC. The Court agrees that the record demonstrates the ALJ considered and incorporated opinions of medical professionals into his RFC determination.

As the Commissioner identifies, the ALJ considered the opinion of John Travis Blakemore, APRN regarding the physical and mental limitations caused by Plaintiff's psychogenic seizure disorder. Nurse Practitioner Blakemore opined that:

> [Plaintiff's] seizures were likely to disrupt the work of coworkers, she would need more supervision at work than an unimpaired worker, and she could not work at heights, work with power machines that require an alert operator, operate a motor vehicle, or take the bus alone…[W]ould need

> unscheduled breaks 2 to 3 times a week for 30 minutes, was incapable of even "low stress" jobs, and would be absent from work more than 4 days per month.

*AR 31.*

The ALJ agreed with Nurse Practitioner Blackmore's opinions limiting Plaintiff's exposure to heights, power machines, and operation of a motor vehicle (*AR 31*), which are manifested in the ALJ's RFC determination (*AR 25-26*). The ALJ found Nurse Practitioner Blackmore's other opinions unpersuasive because they are not consistent with Plaintiff's overall medical record. *AR 31*. The ALJ identified numerous specific examples of Plaintiff's medical record that were inconsistent Nurse Practitioner Blackmore's opinions. *Id.*

The record also shows that ALJ "fully considered" certain June 2022 and December 2022 medical opinions of State agency consultants. *AR 30-31*. The June 2022 medical consultant opinion concluded that Plaintiff "had no exertional limitations, could perform unlimited postural activities except no climbing of ladders, ropes, and scaffolds, and could have unlimited environmental exposures except that she needed to avoid all exposure to hazards due to seizure precautions." *AR 31*. The December 2022 medical consultant opined that Plaintiff's records "supported a medium residual functional capacity with the ability to perform postural activities frequently, except that she could never climb ladders, ropes, and scaffolds." *AR 31*. The December 2022 medical consultant further opined that Plaintiff "avoid concentrated exposure to noise, fumes, odors, dusts, gases, poor ventilation, etc.; and avoid even moderate exposure to hazards." *Id.* The ALJ found State agency consultants' medical opinions somewhat persuasive and supported by the record and included several of their determinations in his RFC determination (*see AR 25-26*, *31*). The ALJ found the State consultant's opinions somewhat persuasive because they did not consider Plaintiff's non-severe physical impairments (right-hand sprain, sacrum irregularity, and eye impairments) which the consultants did not have available to review at the time of their opinions. *AR 31*.

Finally, the ALJ considered the opinions given to Plaintiff by her medical providers relative to the RFC inquiry, *e.g.*, "[v]arious providers have advised the claimant on seizure precautions, including not driving or operating vehicles or heavy machinery, no use of ladders, no standing on exposed ledges, no swimming, avoiding hot tubs or baths alone/unsupervised, avoiding proximity to open flames, and not working with power tools." *AR 32* (citing to various medical records).

## III.    CONCLUSION

In sum, the Court finds that the ALJ fully and fairly developed the record supporting his RFC assessment of Plaintiff's mental capacity to work. The ALJ completely evaluated Plaintiff's pseudo seizures mental impairments, and the record demonstrates that his RFC assessment is supported by, and reflective of: (a) extensive and functional medical information; and (b) opinions of medical professionals.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's requested relief in her Brief (ECF No. 12) is **DENIED**.

2. Commissioner's Brief (ECF No. 13) requesting to affirm is **GRANTED**.

3. The Clerk of Court is directed to enter final judgment **AFFIRMING** the decision of the Administrative Law Judge.

4. The Clerk of Court shall **CLOSE** this case.

DATED: May 7, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

10